UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-390-MOC
(3:17-cr-12-MOC-DSC-1)

| | |
|---|---|
| **CEDRICK BERNARD DOSTER,** )<br>)<br>**Petitioner,** )<br>)<br>vs. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>**Respondent.** )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

### I.  BACKGROUND

Petitioner was charged in the underlying criminal case with a single count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (3:17-cr-12 (CR) Doc. No. 1). Petitioner pleaded guilty without a plea agreement. (CR Doc. No. 24). The guilty plea is supported by a written Factual Basis. (CR Doc. No. 23).

A United States Magistrate Judge conducted a thorough plea hearing pursuant to Rule 11 at which Petitioner was represented by counsel. See (CR Doc. No. 24). Petitioner stated, under oath, that he wanted the Court to accept his guilty plea; he understood his sentencing exposure and the consequences of pleading guilty; he understood the rights he was waiving by pleading guilty; and he was pleading guilty because he is guilty. (Id.). He further stated that he read and understood the Factual Basis and agreed with it. (Id.). Petitioner stated that the plea was knowing and voluntary and was not the product of threats, intimidation, or force, or promises of leniency. (Id.).

1

Petitioner stated that he had enough time to discuss any possible defense with his attorney and was satisfied with counsel's services. (Id.).

The Presentence Investigation Report ("PSR") scored the base offense level as 24 because he committed the instant offense after sustaining at least two felony convictions for a crime of violence, *e.g.*, attempted robbery with a dangerous weapon (97CRS002409) and second-degree kidnapping (04CRS052235-01). (CR Doc. No. 33 at ¶ 15). Two levels were added because the firearm was stolen pursuant to U.S. Sentencing Guidelines § 2K2.1(b)(4) and four levels were added because Petitioner used or possessed a firearm or ammunition in connection with another felony offense, that is, possession of cocaine pursuant to U.S. Sentencing Guidelines § 2K2.1(b)(6)(B) (16CRS0001554). (CR Doc. No. 33 at ¶¶ 16-17). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 27. (CR Doc. No. 33 at ¶¶ 23-25). The PSR's criminal history section reveals that Petitioner's prior convictions include attempted robbery for which he was sentenced to 60-81 months' imprisonment (97CRS002409); second-degree kidnapping for which he was sentenced to 21-26 months' imprisonment (04CRS052235-01); and possession of a firearm by a felon for which he was sentenced to 20-24 months' imprisonment (08CRS053017). (CR Doc. No. 33 at ¶¶ 39, 43, 45). Petitioner had 13 criminal history points and two more points were added because Petitioner committed the instant offense while under a criminal judgment sentence. (CR Doc. No. 33 at ¶¶ 53-54). This resulted in a total criminal history score of 15 and a criminal history category of VI. (CR Doc. No. 33 at ¶ 55). Petitioner's advisory guideline range was 130 to 162 months' imprisonment, however, the statutory maximum for the offense is 120 months' imprisonment; therefore, the guideline term of imprisonment was 120 months. (CR Doc. No. 33 at ¶ 92).

The Court sustained Petitioner's objection to the four-level enhancement pursuant to § 2K2.1(b)(6)(B) and found that the applicable guidelines range was 92 to 115 months' imprisonment. See (CR Doc. No. 36) (Statement of Reasons). The Court sentenced Petitioner at the bottom of the guidelines range to 92 months' imprisonment followed by three years of supervised release. (CR Doc. No. 35). Petitioner did not appeal.

Petitioner filed the instant § 2255 Motion to Vacate on May 25, 2020.[1] He argues that counsel was ineffective for failing to inform him of all the elements of the offense pursuant to Rehaif v. United States, 139 S.Ct. 2191 (2019)[2] and related Fourth Circuit case law, which rendered his guilty plea involuntary.

The Government filed a Response, (Doc. No. 4), arguing that the § 2255 Motion to Vacate should be dismissed or denied because Petitioner's claim of ineffective assistance is conclusory; he cannot show deficient performance or prejudice because Rehaif was not decided until more than a year after he was conviction; and, prior to the instant offense, Petitioner received several sentences that exceeded a year in prison including for a prior conviction of being a felon in possession of a firearm.

Petitioner filed a Reply, (Doc. No. 5), reiterating his ineffective assistance claim. In addition, he presents new claims that his plea is invalid due to the Rehaif error, which is structural; and that counsel was ineffective for failing to challenge the Indictment because it omitted the knowing element.

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (addressing inmate filings).

[2] The Supreme Court held in Rehaif that the government must prove, in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.

The Government filed a Motion for Leave to File Sur-Reply, (Doc. No. 6), because Petitioner attempted to raise a direct challenge to his guilty plea and an ineffective assistance claim based on counsel's failure to challenge the Indictment. In the Sur-Reply, (Doc. No. 7), the Government argues that Petitioner's new claims should be dismissed as time-barred.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

**(1) Ineffective Assistance of Counsel**

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, Petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation

fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689). The Strickland standard is difficult to satisfy in that the "Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." See Yarborough v. Gentry, 540 U.S. 1, 8 (2003). The prejudice prong inquires into whether counsel's deficiency affected the judgment. See Strickland, 466 U.S. at 691. A petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In considering the prejudice prong of the analysis, a court cannot grant relief solely because the outcome would have been different absent counsel's deficient performance, but rather, it "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), *vacated on other grounds*, 218 F.3d 310 (4th Cir. 2000).

Petitioner contends that trial counsel was ineffective for failing to inform him pursuant to Rehaif that an element of § 922(g) is knowledge of his prohibited status at the time the possession occurred, which rendered his guilty plea involuntary.

Counsel did not perform deficiently by failing to inform him of Rehaif because that opinion was not issued until June 21, 2019, more than a year after Petitioner's April 6, 2018 Judgment was

5

entered. Counsel cannot be deemed deficient for failing to anticipate this development in the law. See Konahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995) ("an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law.").

Moreover, Petitioner cannot demonstrate prejudice because there is no reasonable probability that Rehaif would have changed the outcome of the proceedings. Petitioner does not contend that he would not have pleaded guilty had he known about Rehaif. Further, the record conclusively demonstrates that Petitioner knew he was a convicted felon at the time of the § 922(g) offense in that Petitioner had received at least three prior sentences that exceeded one year in length, including a North Carolina felon-in-possession offense. It would not have been reasonable for Petitioner to proceed to trial under those circumstances and, even if he had, the Government would have easily proven the § 922(g) violation.

Petitioner has failed to establish either deficient performance or prejudice, and therefore, Petitioner's Rehaif claim is denied.

**(2)  New Claims**

Petitioner has attempted to raise a new claims in his Reply that counsel was ineffective for failing to challenge the Indictment, and that substantive Rehaif error occurred. The Respondent's Motion for Leave to File a Sur-Reply will be granted.

It was improper for Petitioner to attempt to raise new claims in his Reply. A petitioner to include all his claims for relief in the § 2255 motion. See Rule 2(b)(1), 28 U.S.C. foll. § 2255 ("The [§ 2255] motion must: specify all the grounds for relief available to the moving party…."). Petitioner failed to include these new claims in his § 2255 Motion to Vacate and he did not move

6

to amend. See Fed. R. Civ. P. 15. The new claims, therefore, are not properly before the Court.[3] Petitioner's attempt to raise new claims in his Reply is improper and those claims will be dismissed.

Even if the new claims were properly before the Court, they would be dismissed as time-barred. A one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner did not file a direct appeal, and therefore, his Judgment became final for purposes of § 2255(f)(1) on April 20, 2018, when the time to file a notice of appeal expired. See Fed. R. App. P. 4(b)(1), (b)(6); United States v. Osborne, 452 F. App'x 294, 295-96 (4th Cir. 2011). Petitioner filed his Reply on November 9, 2020. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (a petition is considered filed on the date the prisoner certifies that he placed it in the prison's mail system). Petitioner's Reply was filed well outside the one-year statute of limitations under § 2255(f)(1) and the claims are untimely under that subsection. To the extent that Petitioner's new claims rely on

---

[3] The new claims are also deficient in that they do not comply with other procedural requirements for § 2255 petitions. For instance, the new claims do not substantially follow the § 2255 form and are not signed under penalty of perjury. See Rule 2, 28 U.S.C. foll. § 2255.

Rehaif, his claims are also untimely under § 2255(f)(3) because Petitioner filed his Reply on November 9, 2020, more than one year after Rehaif was issued on June 21, 2019.

Nor do the claims in the Reply relate back to Petitioner's original § 2255 Motion to Vacate. For an untimely claim relate back to the original timely-filed pleading, it must be shown that "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In the context of a habeas motion, "conduct, transaction, or occurrence" does not mean the same "trial, conviction, or sentence," such that any claim that relates to the prior conviction or sentence challenged in a habeas motion is considered timely, no matter how long after the original motion it is filed. Rather, a proposed amendment relates back to the date of the original motion if it "state[s] claims that are tied to a common core of operative facts." Mayle v. Felix, 545 U.S. 644, 664 (2005). Petitioner originally raised an ineffective assistance of counsel claim based on Rehaif. His new claims raise substantive Rehaif error and ineffective assistance with regards to an alleged Indictment error; these disparate claims cannot be said to arise out of a common core of operative fact as the original claim. See, e.g., Dunnigan v. United States, 2019 WL 8137121 (S.D.W.Va. Feb. 12, 2019) (distinguishing a Sixth Amendment ineffective assistance of counsel claim from one of substantive error because they do not arise from the same core of operative facts), *report and rec. adopted*, 2020 WL 474646 (S.D.W.Va. Jan 29, 2020). Petitioner does not assert that any other exception to the statute of limitations applies and none is apparent from the record. Therefore, even if the new claims were properly before the Court, they would be dismissed with prejudice as time-barred.

IV. CONCLUSION

8

Case 3:20-cv-00390-MOC   Document 8   Filed 02/03/21   Page 8 of 9

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, is dismissed and denied, the Government's Motion for Leave to File Sur-Reply is granted, and the new claims raised in Petitioner's Reply are dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** and **DENIED**.

2. Respondent's Motion for Leave to File Sur-Reply, (Doc. No. 6), is **GRANTED**.

3. The new claims in Petitioner's Reply, (Doc. No. 5), are **DISMISSED**.

4. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

5. The Clerk is instructed to close this case.

Signed: February 2, 2021

Max O. Cogburn Jr.
United States District Judge

9

Case 3:20-cv-00390-MOC   Document 8   Filed 02/03/21   Page 9 of 9